## SHAFFER et v TOLEDO & INDIANA RD CO et

Ohio Appeals, 6th Dist, Fulton Co
No 105. Decided May 19, 1930

Geer & Lane, Toledo, for Shaffer, et.
Tracy, Chapman and Welles, Toledo, for Rd. Co et.

### RICHARDS, J.

This court has given a very careful examination to the interesting questions of law involved in this action and we think it may be fairly said to be established in Ohio that the construction of the track of a steam railroad upon a street or alley of a city or village is per se an additional burden upon the property of the abutting owners. We think, further, that it may safely be stated as a general rule that the construction of the track of a street railroad in a street or alley of a municipality is not per se an additional burden. While this principle is of general application, this court is of the opinion that a case may well exist where the construction of a spur track or sidetrack in a street or alley of a municipality by an interurban railroad company may be so located and built as to constitute an additional burden upon the property of an abutting owner and cause substantial damage. In other words, it may become a question of fact under the circumstances whether such track does or does not constitute an added burden. The matter is discussed in **Ghaster vs. City of Fostoria, 115 Ohio St., 210, 217.** As was said in that case in the course of the opinion, we are not concerned with the extent of the damage by the interference or obstruction, but we are concerned with the question whether there is some substantial interference or obstruction which would render the property of the plaintiffs less valuable and the Supreme Court, in the case cited, uses this language:

> "In this respect there is no essential difference between a steam railroad and a street railroad."

In the instant case, evidence was introduced tending to show very substantial damages to the property of the plaintiffs resulting from the construction of the track, but it may be that the witnesses so testifying failed to base their opinions solely on the proper elements of damage in such cases. An interesting and instructive

case is that of **Railway Co. vs. Cummins-ville, 14 Ohio St., 524.** See also **Schaaf, et al, vs. Cleveland, Medina & Southern Ry. Co., et al., 66 Ohio St., 215.** It may be noted in the instant case that the spur track is not at all intended for the transportation of anything except freight. The evidence discloses that considering the width of the track and the width of the cars to be operated thereon, sufficient space is not left for a vehicle to stand in the alley when a car travels along the track. If one of the plaintiffs has, or should have in the future, a garage on the rear of his lot and should run his car out of the garage into the alley, it would be impossible to safely park it along the side of the alley. This, of course, applies only to the portion of the alley where the railroad track is constructed along the center thereof.

We have examined a good many authorities which shed more or less light upon the questions at issue, among which are the following:

22 A. L. R., 145, where an extensive note may be found;

2 A. L. R., 1404, in which the annotation is confined to cases involving electric railways where the decision turns upon the carrying of freight; Chicago, Lake Shore & South Bend Railroad Co. vs. Guilfoyle, 46 A. L. R., 1465.

I cite also **Chambers vs. Cleveland & Southwestern Traction Co., 5 C. C., N. S., 298,** affirmed without report in **73 Ohio St., 348.** This case, however, did not involve a track in the municipality.

The fact that the railroad company has the consent of the municipality by ordinance to occupy the alley for the spur track, does not deprive the plaintiffs of their remedy.

For the reasons given the railroad company will be enjoined from using the spur track until the right shall have been acquired from abutting property owners, as was done in Trustees of **Cincinnati Southern Ry. Co. vs. McWilliams, et al., 18 Ohio App. 225.**

Williams and Lloyd, JJ., concur.